IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT S. THORN, | ) CIVIL NO. 08-00058 JMS/BMK |
| | ) |
| Plaintiff, | ) ORDER (1) DENYING PLAINTIFF'S |
| | ) MOTION FOR EXTENSION OF |
| vs. | ) TIME TO FILE APPEAL UNDER |
| | ) RULE 4(a)(5)(A) OF THE RULES OF |
| BAE SYSTEMS HAWAII | ) APPELLATE PROCEDURE AND |
| SHIPYARDS, INC., | ) (2) DENYING RELIEF FROM |
| | ) JUDGMENT PURSUANT TO RULE |
| Defendant. | ) 60(b) OF THE FEDERAL RULES OF |
| | ) CIVIL PROCEDURE |
| _____ | ) |

**ORDER (1) DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE APPEAL UNDER RULE 4(a)(5)(A) OF THE RULES OF APPELLATE PROCEDURE AND (2) DENYING RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**I. INTRODUCTION**

Before the court is Plaintiff Robert S. Thorn's ("Plaintiff") Motion for Extension of Time to File Appeal under Rule 4(a)(5)(A) of the Rules of Appellate Procedure ("Motion for Extension of Time") and/or for Relief from Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Motion for

Reconsideration") (collectively, "Plaintiff's Motion").[1]  After careful consideration, the court DENIES Plaintiff's Motion.

## II.  BACKGROUND

The facts underlying the dispute in this action are adequately set forth in this court's November 10, 2008 Order: (1) Granting Defendant BAE Systems Hawaii Shipyards, Inc.'s Motion for Summary Judgment on Plaintiff's Federal and State Law Discrimination Claims; and (2) Declining Jurisdiction over Remaining State Law Claims ("November 10 Order").[2]  *Thorn v. BAE Sys. Haw. Shipyards, Inc.*, 2008 WL 4862526, at *1 (D. Haw. Nov. 10, 2008).  Briefly, however, Plaintiff alleged that his employer, Defendant BAE Systems Hawaii Shipyards, Inc. ("Defendant") terminated him in violation of Title I of the Americans with Disabilities Act ("ADA") along with various state law claims.  *See id.*  Because the court found that Plaintiff did not establish a genuine issue of material fact that he is disabled pursuant to any of the definitions of "disability" pursuant to the ADA or Hawaii Revised Statutes ("HRS") § 378-2, the court granted Defendant's motion for summary judgment on Plaintiff's ADA and HRS § 378-2 claims.  *Id.* at

---

[1] Pursuant to Local Rule ("L.R.") 7.2(d), this Motion can be decided without oral argument.

[2] Judgment was entered on November 10, 2008.  Doc. No. 29.

*11. The court remanded Plaintiff's state law claims to the State of Hawaii Circuit Court of the First Circuit. *Id.*

### III. DISCUSSION

Plaintiff grounds his Motion on the ADA Amendments Act ("ADA Amendment"), which became effective on January 1, 2009. Plaintiff argues that because the ADA Amendment substantially changed the law of disability discrimination after the November 10 Order and the appeal deadline, the court should either grant Plaintiff an extension to appeal and/or provide Plaintiff relief from the November 10 Order. For the foregoing reasons, the court disagrees.

**A.     Retroactive Application of the ADA Amendment**

Because Plaintiff's Motion hinges upon retroactive application of the ADA Amendment to his claims, the court first examines whether the ADA Amendment would apply retroactively.

When a case implicates a federal statute enacted after the events alleged in the action, the court will not apply the new statute where it would have retroactive effect (*i.e.*, where it would increase a party's liability for past conduct or impose new duties with respect to transactions already completed) absent clear congressional intent favoring retroactivity. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 280 (1994); *Scott v. Boos*, 215 F.3d 940, 944 (9th Cir. 2000) (noting that *Landgraf* relies upon the "familiar considerations of fair notice, reasonable

3

reliance, and settled expectations [to] offer some guidance in determining retroactive effect" (quotation and citation signals omitted)); *see also Bradley v. Sch. Bd. of City of Richmond*, 416 U.S. 696, 720 (1974) (noting retroactive application is inappropriate where "new and unanticipated obligations may be imposed upon a party without notice or an opportunity to be heard"); *DeGurules v. I.N.S.*, 833 F.2d 861, 863-64 (9th Cir. 1987) (stating new law will not be applied retroactively where the law creates "the possibility that new and unanticipated obligations [might] be imposed on a party without notice or an opportunity to be heard").

Application of the ADA Amendment to this case would cause a retroactive effect by placing a new requirement upon Defendant which could potentially increase Defendant's liability for *past* conduct and impose new duties with respect to transactions *already completed* -- namely by potentially changing the outcome of the November 10 Order.[3]  *See Landgraf*, 511 U.S. at 280; *Scott*, 215 F.3d at 944.  Additionally, the ADA Amendment lacks clear congressional intent favoring retroactive application.  To the contrary, the ADA Amendment indicates a preference for prospective application -- "This Act and the amendments made by this Act shall become effective on January 1, 2009."  *See* Pl.'s Ex. 1 at

---

[3] The court need not reach the issue as to whether application of the ADA Amendment to Plaintiff's claims would alter the court's analysis set forth in the November 10 Order.

13; *see also E.E.O.C. v. Agro Distrib. LLC*, --- F.3d ---, 2009 WL 95259, at *8 n.8 (5th Cir. Jan. 15, 2009) ("Congress recently enacted the [ADA Amendment], but these changes do not apply retroactively." (citation and quotation signals omitted)). Because retroactive application of the ADA Amendment to this case would result in a retroactive effect *and* the ADA Amendment does not clearly favor retroactivity, the ADA Amendment shall not be applied retroactively to Plaintiff's claim.[4]

**B.     Plaintiff's Motion for Extension of Time**

"A district court may 'upon a showing of excusable neglect or good cause' extend the time for filing a notice of appeal . . . if the party files a motion seeking the extension 'not later than 30 days after the expiration of the time prescribed by this Rule 4(a).'"[5]  *United States v. Vaccaro*, 51 F.3d 189, 191 (9th

---

[4] For similar reasons, courts have refused to impose the original ADA retroactively. *See, e.g.*, *Yukon-Kushokwim Health Corp., Inc. v. Trust Ins. Plan for Sw. Alaska*, 884 F. Supp. 1360, 1368 (D. Alaska 1994) (refusing retroactive application of the ADA because to do so would impose additional, unforeseeable obligations on private employers); *Raya v. Maryatt Indus.*, 829 F. Supp. 1169, 1174 (N.D. Cal. 1993) (rejecting retroactive application of the ADA, in part, because it imposes new and unanticipated obligations that "rais[e] due process concerns"); *see also United States v. AMC Entm't, Inc.*, 549 F.3d 760, 768-70 (9th Cir. 2008) (refusing to apply interpretation of ADA regulation to defendant retroactively, in part, because "[t]hose regulated by an administrative agency are entitled to know the rules by which the game will be played" (citation and quotation signals omitted)); *Brown v. Gen. Tel. Co. of Cal.*, 108 F.3d 208, 209 (9th Cir. 1997) (per curiam) (noting the ADA is not retroactive and does not apply to actions taken prior to its effective date).

[5] Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure ("Appellate Rule") states
(continued...)

Cir. 1995) (quoting Fed. R. App. R. 4(a)(5)(A)).  Although Appellate Rule 4(a)(5)(A) refers to both "excusable neglect" and "good cause," an extension for good cause is only applicable where a motion is filed before the expiration of the original appeal period.  *See Oregon v. Champion Int'l Corp.*, 680 F.2d 1300, 1301 (9th Cir. 1982).  "The limitations on the time within which an appeal may be taken are mandatory and jurisdictional."  *Rodgers v. Watt*, 722 F.2d 456, 457-58 (9th Cir. 1983) (*en banc*); *see also United States v. Robinson*, 361 U.S. 220, 229 (1960) ("[T]aking of an appeal within the prescribed time is mandatory and jurisdictional.").

Because Plaintiff filed his Motion within thirty days *after* the initial time to appeal allotted under Appellate Rule 4(a)(1),[6] the court examines his Motion for Extension of Time under the excusable neglect standard.

To determine whether neglect is excusable, the court equitably considers "all relevant circumstances surrounding the party's omission."  *Pioneer*

---

[5](...continued)
that:
> [t]he district court may extend the time to file a notice of appeal if:
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

[6] Plaintiff filed his Motion on January 9, 2009, exactly 60 days after the November 10, 2008 entry of judgment.

*Inv. Servs., Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993).  Generally, ignorance of the rules or mistakes made by counsel do not constitute excusable neglect.  *See Pincay v. Andrews*, 351 F.3d 947, 950 (9th Cir. 2003) ("Ignorance of the rules or mistakes construing the rules do not usually constitute excusable neglect."); *Vaccaro*, 51 F.3d at 191 ("Inadvertence or mistake of counsel . . . does not constitute excusable neglect." (brackets omitted)).

        While Plaintiff argues that his Motion for Extension of Time should be granted because the ADA Amendment became effective after the appeal deadline, Plaintiff makes no specific argument of excusable neglect.  In fact, President Bush signed the ADA Amendment into law on September 24, 2008, *see* Def.'s Ex. B, over two months prior to the appeal deadline, yet Plaintiff offers *no* explanation for why he could not file his appeal within thirty days of the November 10 Order pursuant to Appellate Rule 4(a)(1).  Because Plaintiff provides no showing of excusable neglect, the court DENIES his Motion for Extension of Time.[7]

---

[7] Further, even if Appellate Rule 4(a)(5)(A) allowed an extension for good cause in this case, Plaintiff's Motion for Extension of Time would still fail because he has not shown good cause.  Plaintiff argues that his extension should be granted because the ADA Amendment -- which he claims would retroactively apply to his appeal -- became effective after the appeal deadline.  *See* Pl.'s Mot. 3-4.  But, as explained above, the ADA Amendment would not apply retroactively.  Because the basis for Plaintiff's request for an extension would not apply to his appeal, Plaintiff has not shown good cause.

For these reasons, the court DENIES Plaintiff's Motion for Extension of Time.

## C.    Plaintiff's Motion for Reconsideration

Plaintiff brings his Motion for Reconsideration pursuant to Rule 60(b).[8] *See United States v. Comprehensive Drug Testing, Inc.*, 513 F.3d 1085, 1098 (9th Cir. 2008) (noting that a motion for reconsideration filed after ten days of entry of judgment is considered under Rule 60(b)).  The disposition of a Rule 60(b) motion for relief from judgment is within the sound discretion of the district court.  *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004).

Plaintiff brings his Motion for Reconsideration based upon his assertion that the subsequent change in ADA law -- specifically the ADA Amendment -- applies to Plaintiff's claims retroactively, and, therefore entitles him to relief from the November 10 Order.  The court disagrees.

First, as established above, the ADA Amendment *does not* apply to Plaintiff's claims retroactively, thereby undermining the entire basis of Plaintiff's Motion for Reconsideration.

---

[8] Rule 60(b) provides for relief upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment or that "applying [the judgment] prospectively is no longer equitable;" or (6) "extraordinary circumstances" that justify relief.  Because Plaintiff does not identify which provision of Rule 60(b) upon which he relies, the court examines his Motion for Reconsideration under Rules 60(b)(5) and 60(b)(6).

Additionally, once a judgment becomes final, a subsequent change of law is generally not a basis for relief pursuant to Rules 60(b)(5) or 60(b)(6) unless the law applies retroactively. *See Agostini v. Felton*, 521 U.S. 203, 239 (1997) ("Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)[.]"); *Delay v. Gordon*, 475 F.3d 1039, 1046 n.13 (9th Cir. 2007) ("[A] change in the applicable law after a judgment has become final in all respects is not a sufficient basis for vacating the judgment." (citation and quotation signals omitted)); *Tomlin v. McDaniel*, 865 F.2d 209, 210 (9th Cir. 1989) (finding change in law after entry of final judgment does not provide plaintiff relief under either Rules 60(b)(5) or 60(b)(6)). *Cf Benjamin v. Jacobson*, 172 F.3d 144, 178 (2d Cir. 1999) ("A postjudgment change in the law *having retroactive application* may, in special circumstances, constitute an extraordinary circumstance warranting vacation of a judgment." (emphasis added) (quoting *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986)); *Cornell v. Nix*, 119 F.3d 1329, 1332 (8th Cir. 1997) (stating same); *Cox v. Wyrick*, 873 F.2d 200, 201 (8th Cir. 1989) ("A change in law *having retroactive application* may, in appropriate circumstances, provide the basis for granting relief under Rule 60(b)" (emphasis added)); *United States v. Hernandez*, 158 F. Supp. 2d 388, 392 (D. Del. 2001) (stating same and finding that defendant

was not entitled to Rule 60(b) relief where change in law did not apply retroactively). Because the ADA Amendment does not apply to Plaintiff's claim retroactively, he has not demonstrated sufficient grounds for relief under either Rules 60(b)(5) or 60(b)(6).

Further, Rule 60(b)(6) also provides Plaintiff no relief because he has not identified any "extraordinary circumstances" that prevented him from taking timely action. *See Fantasyland Video, Inc. v. County of S.D.*, 505 F.3d 996, 1005 (9th Cir. 2007) ("[Rule 60(b)(6)'s catch-all provision] has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." (citation and quotation signals omitted)). In fact, Plaintiff offers no explanation why he failed to bring the ADA Amendment -- signed into law on September 24, 2008, *see* Def.'s Ex. B, -- to the court's attention either in his October 16, 2008 Opposition to Defendant's Motion for Summary Judgment or at the November 3, 2008 hearing on Defendant's Motion for Summary Judgment.

Because Rule 60(b) affords Plaintiff no relief, the court DENIES Plaintiff's Motion for Reconsideration.

## IV.  **CONCLUSION**

Based on the above, the court DENIES Plaintiff's Motion for (1) an Extension of Time to File an Appeal under Rule 4(a)(5)(A) of the Rules of Appellate Procedure and (2) Relief from Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 2, 2009.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Thorn v. BAE Systems Haw. Shipyards, Inc.*, Civ. No. 08-00058 JMS/BMK, Order (1) Denying Plaintiff's Motion for Extension of Time to File Appeal under Rule 4(a)(5)(A) of the Rules of Appellate Procedure and (2) Denying Relief from Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure